UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------
IN RE:                              )      CHAPTER 7
                                    )
CHERYL ANNE DiMANNO,                )      CASE NO.  12-20229 (ASD)
                                    )
     DEBTOR                         )      Re: ECF No. 7
                                    )
-----------------------------------------------
```

**BRIEF MEMORANDUM AND ORDER ON DEFICIENCY NOTICE**

**I. PROCEDURAL BACKGROUND**

The matter before the Court presents itself in an unusual procedural posture. On February 6, 2012 (hereinafter, the "Petition Date"), the Debtor commenced Bankruptcy Case No.12-20229 by the filing of a petition under Chapter 7 of the United States Bankruptcy Code (hereinafter, the "Petition"). Filed with the Petition was a Certificate of Credit Counseling,[1] ECF No. 3. However, missing on the Petition Date and not filed to date were Exhibit D, Summary of Schedules, Statistical Summary of Certain Liabilities and Related Data, Schedules A-J, Statement of Debtors Financial Affairs, Statement of Intent, Disclosure of Compensation of Attorney for Debtor, and Means Test (hereinafter, collectively, the "Missing Documents"), *see* Bankruptcy Code §521 and Fed. R. Bankr. P. 1007, in accordance with which the Bankruptcy Clerk, on February 8, 2012, issued and served *a Deficiency Notice and Notice of Hearing* (hereinafter, the "Deficiency Notice"), ECF No. 7.  The Deficiency Notice noticed the Missing Documents and provided, *inter alia*,

---

[1] Individuals filing a bankruptcy case under title 11 of the Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

> . . . failure to file the above Listed Additional Documents within fourteen days of the Petition Date may result in the dismissal of your case, including, inter alia, a dismissal following the Hearing scheduled below, and/or an automatic dismissal pursuant to §521(i)(1) effective on the forty-sixth day following the Petition Date.
>
> * * * *
>
> **NOTICE OF HEARING TO CONSIDER DISMISSAL**
>
> . . . [A] hearing will be held on **3/29/12 at 10:00 AM, 450 Main Street, 7th Floor Courtroom, Room 715B, Hartford, CT 06103,** at which the Debtor shall have opportunity to appear and show cause as to why the case should not be dismissed, or other prejudice imposed for (i) the Petition Date Deficiencies as indicated above, if any, or (ii) the failure to timely file any additional Document(s) Required to Be Filed Within Fourteen Days of the Petition Date, or as otherwise required by the Bankruptcy Code and/or Rules.

(Emphasis in original).

Prior to the hearing date on the Deficiency Notice, the Debtor, on March 13, 2012, filed a *Petition to Voluntary Dismiss Debtor's Petition* (hereinafter, the "Motion to Withdraw"), seeking to withdraw the Petition. ECF No. 28. The Motion to Withdraw failed to set forth the Debtor's reasons for seeking a withdrawal, facts or cause supporting or warranting a withdrawal, and, other than its reference to 28 U.S,C. 157(d),[2] referenced no statutory or legal authority.[3]

On March 15, 2012, Bonnie C. Mangan, the duly appointed chapter 7 Trustee (hereinafter, the "Trustee"), filed a *Trustee's Objection to the Debtor's Petition to Voluntary Dismiss Debtor's Petition* (hereinafter, the "Objection"), ECF No. 30. In the Objection, the

---

[2] 28 U.S,C. 157(d) provides authority for this Court to hear and determine this matter but is not otherwise applicable.

[3] The Motion read, in its entirety, reads "The debtor, Cheryl Anne DiManno (the "Debtor") by and through her attorneys, pursuant to 28 U.S.C. 157(d), hereby moves to withdraw her above captioned bankruptcy petition before this Court."

2

Trustee observed that the Motion to Withdraw "does not state a reason for the dismissal", ¶1, and that as a result of the Debtor's failure to file the Missing Documents she "cannot determine if a dismissal of the case would be prejudicial to creditors." ¶2.

On April 12, 2012, the Motion to Withdraw, Objection and Deficiency Notice came before the Court for a hearing (hereinafter, the "Hearing")[4] at which the Debtor, through counsel, and the Trustee both appeared.  The Debtor, however, withdrew the Motion to Withdraw, instead arguing that since 45 days have passed since the Petition Date the case must be "automatically" dismissed by operation of §521(i)(1) which provides, *inter alia*,

> . . . if an individual debtor in a voluntary case under chapter 7 . . . fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

## II. DISCUSSION

At the outset, the Court notes that the phrase "the case shall be automatically dismissed" in §521(i)(1) is not verily automatic. *See In re Acosta-Rivera,* 557 F.3d 8, 10 (1st Cir. 2009). Ordinarily, a dismissal pursuant to §521(i)(1) is accomplished by the United States Trustee filing a motion for such dismissal, *see*, §707(a)(3).  No such motion has been filed by the United States Trustee and whether such a motion may be filed by any other party is no longer before the Court, the Debtor having withdrawn her Motion to Withdraw.

And while the Deficiency Notice references a possible dismissal pursuant to §521(i)(1) it also provides warning that "other prejudice [may be] imposed." Moreover, in

---

[4] On March 29, 2012, the original hearing date for the Deficiency Notice, the hearing was continued April 12, 2012.

3

this case, the Deficiency Notice's purpose was to provide the Debtor an opportunity to appear and show cause as to why the case should not be dismissed, or other prejudice imposed, not to appear and show cause why the case should be dismissed.  In this regard, it is well-recognized that Congress' core purpose in enacting the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA") was to curtail abusive bankruptcy filings. "It is safe to say that Congress, in enacting BAPCPA, was not bent on placing additional weapons in the hands of abusive debtors." *In re Warren*, 568 F.3d 1113, 1118 (9th Cir. 2009), citing *In re Acosta-Rivera,* 557 F.3d. at 13.

Due to the Debtor's failure to file the requisite Missing Documents, the Court is precluded from determining that a legitimate purpose attended the filing of the Petition. Indeed, motions for relief from stay[5] filed in this case raise at least the specter of an abusive bankruptcy agenda. Such an agenda, if established, could warrant action by this Court, beyond a mere dismissal.[6]

Under the totality of the circumstances attending this case, the Court declines to exercise its authority to dismiss this case at this time pursuant to the Deficiency Notice.

### III. ORDER

In accordance with the above,

**IT IS HEREBY ORDERED** that the Motion to Withdraw is marked "off" as withdrawn,

---

[5]*See* ECF Nos. 9,19, 21 and  26.

[6]Among these actions are, *inter alia*: (i) a dismissal with prejudice; (ii) a dismissal with a time bar and the setting of pre-conditions that must be met before the Court will accept a refiling, including the new petition being accompanied by complete schedules for this case and in the new case, (iii) that the filing of a new petition not trigger the automatic stay of §362(a) subject to a showing by the Debtor that the new filing was made in "good faith," and/or (iv) that any discharge obtained in the new case is not applicable to any debt that should have been scheduled in the present case.

and

**IT IS FURTHER ORDERED** that the Objection is moot, and

**IT IS FURTHER ORDERED** that the Deficiency Notice is marked off, and

**IT IS FURTHER ORDERED** this Order enters without prejudice to the Debtor, the Trustee, any other party in interest, or the Court, to take such further action consistent with the Bankruptcy Code and Rules as necessary and appropriate.

Dated: April 16, 2012                                BY THE COURT

                                            Albert S. Dabrowski
                                            United States Bankruptcy Judge